UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20769-CR-BLOOM/VALLE
REFERRED TO SENIOR JUDGE PAUL C. HUCK

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

JOHNNY JEAN,
    Defendant.
_____:

## OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

  The defendant, Johnny Jean, through counsel, pursuant to Rule 32(f) of the Federal Rules of Criminal Procedures, respectfully files his objections to the Presentence Investigation Report (PSIR), and in support thereof, Mr. Jean states:

### Acceptance of Responsibility

  Mr. Jean objects to the Probation Officer's failure to reduce the offense level by 3-levels for acceptance or responsibility pursuant to USSG § 3E1.1. PSIR ¶ 10. The Probation Officer reasoned that Mr. Jean was ineligible for an acceptance of responsibility reduction because he had not provided a statement of acceptance of responsibility. Additionally, the Probation Officer reasoned that pursuant to application note 2 of § 3E1.1, the adjustment is not intended to apply to a defendant who goes to trial and denies the essential factual elements of guilt.

  Mr. Jean has completed an acceptance of responsibility statement which incidentally, is not expressly required under § 3E1.1. *See* Johnny Jean's acceptance statement attached hereto as defense exhibit 1. Also, under application note 2 of § 3E1.1, conviction after trial does not automatically preclude a defendant from receiving a reduction for acceptance of responsibility. In

some situations, a defendant may be eligible for an acceptance of responsibility adjustment after proceeding to trial, such as when the defendant proceeds to trial to preserve issues that do not relate to factual guilt.  *See* USSG § 3E1.1, comment. (n. 2).

In this case, Mr. Jean waived his right to a jury trial and elected to have a bench trial in order to preserve his right to appeal the denial of his motion to suppress physical evidence and statements.  *See* D.E. 92, Transcript of Bench Trial Proceedings, pgs. 1-6.  Accordingly, this Court may reduce Mr. Jean's offense level for acceptance of responsibility.

If the Court were to reduce the offense level by 2-levels pursuant to § 3E1.1(a), the total offense level would be level 32.  At level 32 and criminal history category VI, the advisory guideline range would 210 to 262 months.  If the offense level was reduced an additional level pursuant to § 3E1.1(b), the advisory guideline range would be 188 to 235 months.

### Objection to Specific Offense Characteristic USSG § 2K2.1((b)(6)(B) and Chapter Four Enhancement 4B1.2 USSG § (b)(3)(A) for Possession Firearm in Connection with a Crime of Violence

Mr. Jean objects to the Probation Officer's finding that the firearm was possessed in connection with a crime of violence.  *See* PSIR ¶¶ 12 and 17.  Under the USSG § 2K2.1(b)(6)(B), the offense level for an offense involving the unlawful possession of a firearm is increased 4-levels if the firearm was possessed in connection with a crime of violence.  In ¶ 12 of the PSIR, the Probation Officer increased Mr. Jean's base offense level from level 24 to 28 pursuant to § 2K(b)(6)(B).

Under USSG § 4B1.4(b)(3)(A), the offense level applicable to a defendant who is subject to an enhanced sentence under 18 U.S.C. § 924(e) who possessed a firearm in connection with a crime of violence is level 34.  In ¶ 17 of the PSIR, the Probation Officer assessed the offense level at level

2

34 under § 4B1.4(b)(3)(A). Otherwise, the offense level would have been level 33. *See* USSG § 4(b)(3)(B).

Mr. Jean was arrested in the afternoon on September 30, 2015. *See* PSIR ¶¶ 2-5. The firearm was discovered in a back pack Mr. Jean was carrying when he was arrested. PSIR ¶ 5. Mr. Jean was arrested because the police purportedly had probable cause to arrest him for aggravated stalking after he left several voice mail messages and text messages on his girlfriend's phone the night of September 29, 2014 and the early morning hours of September 30, 2014. *See* PSIR ¶ 2; North Miami Beach Police Department Incident/Investigation Report (NMBPD Report) attached hereto as defense exhibit 2. When Mr. Jean was arrested, he had just departed a bus that was traveling away from his girlfriend's residence. *See* NMBPD Report.

There is no evidence that Mr. Jean was stalking his girlfriend or committing any other criminal offense when the firearm was discovered in his possession. There is no evidence that Mr. Jean was in possession of the firearm while he was purportedly leaving threatening voice mail messages and sending text messages to his girlfriend during the early morning hours of September 30, 2015. Accordingly, there is no evidence that the firearm seized from Mr. Jean was possessed in connection to stalking or any other crime of violence.

If the Court sustains Mr. Jean's objection to the Probation Officer's finding that the firearm was possessed in connection with a crime of violence, and reduces the offense level by 3-levels for acceptance of responsibility, the total offense level would be level 30. At level 30, and criminal history category VI, the advisory guideline imprisonment range would be 168 to 210 months.

**Armed Career Criminal Designation**

Mr. Jean objects to being designated an armed career criminal. See PSIR ¶¶ 17, 61, and 62.

In ¶ 17 of the PSIR, the Probation Officer asserts that Mr. Jean is subject to an enhanced sentence pursuant to the Armed Career Criminal Act (ACCA).  *See* 18 U.S.C. § 924(e); USSG § 4B1.4(a). Under the ACCA, a person who violates 18 U.S.C. § 922(g), and has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, is subject to a mandatory minimum prison sentence of 15 years.  *See* 18 U.S.C. § 924(e)(1). Under USSG § 4B1.4, the offense level is at least level 33, and the criminal history category is at least category IV.  The Probation Officer concluded that Mr. Jean's base offense level was 34 and his criminal VI because Mr. Jean allegedly possessed the firearm in connection with a crime of violence.  PSIR ¶ 17.

The Probation Officer failed to identify in the PSIR which three of Mr. Jean's prior felony convictions qualified as either serious drug offenses or violent felonies.  However, it appears from the PSIR that Mr. Jean's armed career criminal designation was based upon the following prior convictions:

| ¶ | case number | offense |
|---|---|---|
| ¶ 24 | case number F01-25695 | strong arm robbery |
| ¶ 25 | case number F01-25694 | resisting officer with violence |
| ¶ 26 | case number F0-125693 | resisting officer with violence |
| ¶ 27 | case number F01-38445 | aggravated assault |
| ¶ 30 | case number F04-16462 | resisting officer with violence |

The term "violent felony is defined by § 924(e)(2)(B) which provides:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves

4

conduct that presents a serious potential risk of physical injury to another.

The last clause of the ACCA's definition of violent felonies which includes offenses that "otherwise involve conduct that presents a serious potential risk of physical injury to another" and is often referred to as the "residual provision." *See* 18 U.S.C. § 924(e)(2)(B)(ii); *Sykes v. United States*, 131 S.Ct. 2267, 2273 (2011)(felonious vehicle flight could only be violent felony if it fits within the so-called residual provision).

The Eleventh Circuit Court of Appeals has held that resisting arrests without violence convictions qualify as violent felonies, under the residual clause of § 924(e)(2)(B)(ii). *United States v. Nix*, 628 F. 3d 1341, 1342 (11th Cir. 2010); *United States v. Hayes*, 409 Fed. Appx. 277, 278 (11th Cir. 2010)(unpublished). However, Mr. Jean submits, that his convictions for resisting arrest without violence should not qualify as violent felonies under the ACCA because the residual clause should be declared void for vagueness. *See Sykes v. United States*, 131 S.Ct. 2267, 2284 (2011)(Scalia, J., dissenting)(we should admit that ACCA's residual provision is a drafting failure and declare it void for vagueness); *United States v. Sanders*, 461 Fed. Appx. 854, 855-156, (11th Cir. 2010)(unpublished) (acknowledging Justice Scalia's comments that residual clause should be declared vagueness but bound by precedent to hold that resisting arrest with violence conviction qualified as violent felony under residual clause). Mr. Jean understands that this Court is bound to follow binding Eleventh Circuit precedent but nevertheless preserves for further appellate review.

Alternatively, the four prior convictions described in PSIR ¶¶ 24, 25, 26 and 27 do not qualify as violent felonies under the ACCA because they were committed when Mr. Jean was 17 years old and did not involve the use or carrying of a firearm, knife, or destructive device. *See* § 924(e)(2)(B). Although, the offenses were punishable by terms of imprisonment of more than one

5

year and Mr. Jean was sentenced as an adult, the convictions were still technically, acts of juvenile delinquency.

Because § 924(e)(2)(B) does not expressly distinguish acts of juvenile delinquency which receive adult sanctions from acts of juvenile delinquency which receive juvenile sanctions, § 924(e)(2)(B) is ambiguous as to whether the offenses described in PSIR ¶¶ 24, 25, 26 and 27 qualify as violent felonies under the ACCA. When there are two rational readings of a criminal statute, one harsher than the other, the rule of lenity dictates that we are to choose the harsher one only when Congress has spoken in language that is clear and definite. *United States v. Bass*, 404 U.S. 336, 347, 92 S.Ct. 515, 522 (1971); *United States v. Inclema*, 363 F.3d 1177, 1182 (11th Cir. 2004). Accordingly, Mr. Jean would submit that the offenses described in PSIR ¶¶ PSIR ¶¶ 24, 25, 26 and 27 do not qualify as violent felonies under § 924(e)(2)(B). *But see United States v. Spears*, 443 F.3d 1358, 1360-61 (11th Cir. 2006)(defendant's prior robbery conviction qualified as violent felony under (ACCA) enhancement, notwithstanding defendant was only 17 years old when he committed the robbery, where the defendant was convicted and sentenced as an adult for the robbery). Again, Mr. Jean understands that this Court is bound to follow binding Eleventh Circuit precedent but nevertheless preserves this issue for further appellate review.

### *Apprendi* Challenge

Mr. Jean respectfully submits that the government's failure to allege in the indictment and prove to the Court the fact of the prior convictions precludes the imposition of any sentence in excess of the 10-year maximum prison sentence authorized by 18 U.S.C. § 922(g).

The maximum penalty provided for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) is ten years. See U.S.C. § 924(a)(2). As set forth above, under 18 U.S.C. §

6

924(e), a person who violates 922(g) and has three previous convictions for three violent felonies or serious drug offenses must be sentenced to no less than fifteen years imprisonment. However, the indictment in this case did not allege that Mr. Jean had three prior convictions for violent felonies or serious drug offenses, nor did the Court find that Mr. Jean had been previously convicted of three violent felonies.

In *Almendarez-Torres v. United States*, 523 U.S. 224, 246-247, 118 S.Ct. 1219, 1232-33 (1998), the Court held that a prior conviction for an aggravated felony was not an element of the crime of illegal reentry even though a prior conviction for an aggravated felony increased the maximum term of imprisonment for illegal reentry from two years to twenty years.

In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63 (2000) the Court held that other than the fact of a prior conviction, any "fact which increases the prescribed range of penalties to which a criminal defendant is exposed" must be submitted to a jury, and proved beyond a reasonable doubt. While *Apprendi* did not overrule *Almendarez-Torres*, the Court clearly acknowledged that "it [was] arguable that *Almendarez-Torres* was incorrectly decided," and was limited to its "unique facts." *Apprendi*, 530 U.S. at 489, 120 S.Ct. at 2362.

As Justice Thomas explained in his concurring opinion in *Descamps*, "the ACCA runs afoul of *Apprendi* because it allows the judge to "mak[e] a finding that raises [a defendant's] sentence beyond the sentence that could have lawfully been imposed by reference to facts found by the jury or admitted by the defendant." *Descamps* 133 S. Ct. at 2294. (Thomas, J., dissenting).

Mr. Jean is aware that *Almendarez-Torres* remains the law until the Supreme Court determines that *Almendarez-Torres* is no longer a controlling precedent. However, he raises this issue to preserve it for further appellate review.

**Conclusion**

Based upon the foregoing facts, arguments and citation authorities, Mr. Jean respectfully requests that the sustain his objections to the Presentence Investigation Report.

>Respectfully submitted,
>
>MICHAEL CARUSO
>FEDERAL PUBLIC DEFENDER
>
>By: s/ *Daryl E. Wilcox*
>   Daryl E. Wilcox
>   Assistant Federal Public Defender
>   Florida Bar No. 838845
>   One E. Broward Boulevard, Suite 1100
>   Ft. Lauderdale, FL 33301-1842
>   (954) 356-7436
>   (954) 356-7556, Fax
>   Daryl_Wilcox@FD.Org, E-Mail

**CERTIFICATE OF SERVICE**

I HEREBY certify that on April 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By: *s/Daryl E. Wilcox*
>   Daryl E. Wilcox

J:\Jean, Johnny Reg05661-104\Pleadings\Objections to PSI.wpd

**SERVICE LIST**
**UNITED STATES v. JOHNNY JEAN**
**CASE NO.  14-20769-CR-BLOOM/VALLE**
**REFERRED TO SENIOR JUDGE PAUL C. HUCK**
**United States District Court, Southern District of Florida**

Ilham A. Hosseini, Esq.
ilham.hosseini@usdoj.gov
Assistant United States Attorney
99 NE 4th Street
Miami, FL 33132-2111
305-961-9297
305-536-4699, fax
Attorney for the Government
Notices of Electronic Filing

Tonya R. Long, Esq.
tonya.long@usdoj.gov
Assistant United States Attorney
99 NE 4th Street
Miami, FL 33132-2111
305-961-9112
305-536-4699, fax
Attorney for the Government
Notices of Electronic Filing

Wendy E. Squitero
United States Probation Officer
400 N. Miami Avenue, Room 09S66
Miami, FL 33128
305-523-5496
305-523-5496, fax
Probation Officer for Johnny Jean
Notices Sent Via US Mail/E-Mail

Daryl E. Wilcox, Esq.
daryl_wilcox@fd.org
Assistant Federal Public Defender
One E. Broward Boulevard, Suite 1100
Fort Lauderdale, FL 33301-1842
954-356-7436
954-356-7556, fax
Attorney for Johnny Jean
Notices of Electronic Filing

Robert Emery, Esq.
robert.emery2@usdoj.gov
Assistant United States Attorney
99 NE 4th Street
Miami, FL 33132-2111
305-961-9421
305-536-4699, fax
Attorney for the Government
Notices of Electronic Filing