UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22174-BLOOM
(Case No. 14-cr-20769-BLOOM)

JOHNNY JEAN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

**THIS CAUSE** is before the Court on *pro se* Movant Johnny Jean's Motion for Certificate of Appealability, CR ECF No. [128].[1] The Motion was filed in the United States Court of Appeals for the Eleventh Circuit under the criminal case number and subsequently forwarded to this Court for determination. Therein, Movant seeks to appeal the Court's July 21, 2020 Order, ECF No. [5] ("July 21, 2020 Order"), dismissing his Motion to Vacate Sentence under 28 U.S.C. § 2255, ECF No. [1]. The Court assumes the reader's familiarity with its July 21, 2020 Order and the standards outlined therein.

    A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). A certificate of

---

[1] References to docket entries in Movant's underlying criminal case, 14-cr-20769-BLOOM, are denoted with "CR ECF No." and references to his civil habeas case, 20-cv-22174-BLOOM, are denoted with "ECF No."

appealability shall issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court dismisses a petition based on procedural grounds, a petitioner must further demonstrate that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In its July 21, 2020 Order the Court explained the procedural history and concluded that Movant's Motion to Vacate Sentence was "his third § 2255 motion[.]" ECF No. [5] at 2.[2] As such, Movant's "unauthorized successive § 2255 motion [was] dismissed for lack of jurisdiction." *Id*. at 3. Reasonable jurists would not debate the Court's conclusion that it lacks subject matter jurisdiction to adjudicate Movant's successive § 2255 motion.

Accordingly, it is **ORDERED AND ADJUDGED** that Movant's Motion for Certificate of Appealability, **CR ECF No. [128]**, is **DENIED**. The case shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 14, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:     Counsel of Record

Johnny Jean
05661-104
Victorville-USP
United States Penitentiary, Inmate Mail/Parcels
Post Office Box 3900 Adelanto, CA 92301
PRO SE

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.